■ WILLIAM LUGO, Plaintiff, v PURPLE & WHITE MARKETS, INC., Doing Business as ASSOCIATED SUPERMARKET, Defendant,

et al., Defendants. WHITE ROSE, INC., et al., Third-Party Plaintiffs-Appellants, v FICA TRANSPORTATION, INC., Third-Party Defendant-Respondent. [960 NYS2d 410]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered April 11, 2011, which, to the extent appealed from as limited by the briefs, granted the branch of third-party defendant FICA's motion for summary judgment that sought dismissal of third-party plaintiffs' claims for contractual indemnification, unanimously affirmed, without costs.

Under the plain meaning of the indemnification provision at issue here (*see Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]), FICA is obligated to indemnify third-party plaintiff Rose Trucking for claims or damages involving FICA's drivers only if two requirements are met: (1) the claim or damage arose from the driver's use of "the Equipment," and (2) the claim or damage occurred as the result of the driver's acts or omissions "outside the scope" of the performance of the agreement between FICA and Rose Trucking (the agreement). The agreement defined "Equipment" as "tractors," which were leased by FICA to Rose Trucking.

Here, plaintiff driver fell from a trailer owned by Rose Trucking, while unloading it as part of the agreement. Under such circumstances and the plain meaning of the indemnification provision, neither requirement for indemnification was met. Concur—Andrias, J.P., Friedman, Acosta, Freedman and Clark, JJ.